IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN HENRY CUNNINGHAM, | § § § | |
| Petitioner, | § § | |
| v. | § § | 2:17-CV-62-D-BR |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner JOHN HENRY CUNNINGHAM has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a state prison disciplinary proceeding. At the time he filed his habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.[1,2]

## I. DISCIPLINARY CHARGE AND PROCEEDINGS

On November 28, 2016, in disciplinary case number 20170095391, petitioner was charged at the Neal Unit with fighting or assaulting an offender without a weapon that results in a serious injury, a Level 1, Code 2.3 violation of the Texas Department of Criminal Justice-

---

[1] This Court has jurisdiction to entertain petitioner's habeas application because at the time of his application he was confined in the Neal Unit, which is located in the Northern District of Texas. *See* 28 U.S.C. § 2241(d).

[2] The Court notes that petitioner has filed another habeas application regarding a different state prison disciplinary proceeding. *See Cunningham v. Davis* ("*Cunningham I*"), No. 2:17-cv-61-D-BR. The Court has issued a separate Findings, Conclusions, and Recommendation regarding that application. Because petitioner was excluded from the disciplinary hearing at issue in this case due to his disruptive and argumentative behavior during the disciplinary hearing at issue in *Cunningham I*, the undersigned takes judicial notice of the record before the Court in *Cunningham I*. *See generally MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court.").

Correctional Institutions Division ("TDCJ-CID") *Disciplinary Rules and Procedures for Offenders.* [ECF 11-2 at 5]. Specifically, the Offense Report alleged that on November 28, 2016, at 4:45 a.m., petitioner "did engage in a fight without a weapon with offender Yates, Steven [#]1744051 by punching said offender in the face with a closed fist. Moreover, the fight resulted in . . . injuries to offender Yates that required treatment beyond first aid." *Id.* As additional information in the Offense Report, Charging Officer Lt. Padilla explained: "Offender Yates and offender Cunningham engaged in a mutual fight that resulted in 6 sutures to Yates' forehead." *Id.* During the preliminary investigation of the offense, petitioner stated, "I slip[p]ed and fell." *Id.* at 6.

On November 29, 2016, petitioner provided a statement to Lt. Williams: "I was in a fight it was [es]calated I was not jumped I am not in any danger [and] don't need [to be] moved, there will be no f[u]rther retaliations." *Id.* at 10. That same day, offender Yates also provided a statement to Lt. Williams: "I had an altercation with an inmate after breakfast! Turned into a real fight! There won't be anymore altercation[s] between [offender] Cunningham or I anymore! He overstepped his boundaries and was very disrespectful! I do not feel my life is in danger!" *Id.* at 9.

On December 1, 2016, at 8:13 a.m., petitioner was officially notified of the charge against him and indicated he wanted to attend the disciplinary hearing. *Id.* at 13. During counsel substitute's investigation of the offense, petitioner provided no statement, requested no witnesses, and requested no documentary evidence. *Id.* at 13-14. That same day, at 4:10 p.m., a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on another case involving petitioner. *See Cunningham I,* No. 2:17-cv-61-D-BR. The DHO dismissed and excluded petitioner from that disciplinary hearing due to his disruptive and argumentative

behavior. *See id.* Immediately thereafter, at 4:25 p.m., the DHO held a disciplinary hearing on the alleged charge at issue in this case. [ECF 11-2 at 4, 15].[3] At the outset of the disciplinary hearing, the DHO stated that petitioner was "being excluded from the hearing due to his behavior." [ECF 13, Disciplinary Hearing CD].[4] Although the DHO excluded petitioner from the hearing, petitioner's counsel substitute was given the opportunity to present evidence and call witnesses on behalf of petitioner. *Id.* At the hearing, counsel substitute informed the DHO that petitioner had no witnesses to call or documentary evidence to present. *Id.* Counsel substitute further informed the DHO that petitioner had provided no statement during counsel substitute's investigation of the case. *Id.* At the conclusion of the hearing, the DHO found petitioner guilty of the charged offense based on the Charging Officer's Offense Report and petitioner's failure to refute the charged offense. *Id.* The DHO then assessed petitioner's punishment that included the forfeiture of ninety (90) days previously accrued good time credit. *Id.*[5]

On December 14, 2016, petitioner filed a Step 1 grievance arguing:

1. The DHO denied petitioner due process by dismissing him from the earlier-held disciplinary hearing for no reason, which prevented petitioner from presenting evidence at the later-held disciplinary hearing;

2. No officer directly observed petitioner involved in a fight;

3. No signs of a fight were found on petitioner at the medical exam;

4. Petitioner was allowed to return to his cell without an escort or restraints;

5. Petitioner gave a statement to Sgt. Chavez that was never written down; and

6. The building log does not show that petitioner was restrained as a suspect in a

---

[3] Petitioner waived his right to twenty-four hours advance notice of the hearing. [ECF 11-2 at 4, 15].
[4] The undersigned notes that the audio from the earlier-held disciplinary hearing at issue in *Cunningham I* and the audio from the later-held disciplinary hearing at issue in this case are located on separate compact disks. The undersigned has carefully reviewed the audio from both disciplinary hearings.
[5] Other punishment with which petitioner was assessed—line classification remain at line class L3, loss of recreation for 45 days, loss of commissary for 45 days, and loss of telephone service privileges for 45 days—constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).

fight pursuant to TDCJ policy.

[ECF 11-1 at 3-4]. On December 30, 2016, petitioner's Step 1 grievance was denied with the following response:

> Major disciplinary case #20170095391 has been reviewed. You were provided the opportunity to attend your hearing in order to present your defense but, you were excluded from your hearing due to your behavior. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute the charge[]. All due process requirements were satisfied and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Furthermore, you submitted a statement to Lieutenant Williams that you and the other offender had fought. No corrective action is warranted for this appeal.

*Id.* at 4.

On January 8, 2017, petitioner filed a Step 2 grievance arguing:

1. The DHO denied petitioner due process by dismissing him from the earlier-held disciplinary hearing for no reason, which prevented petitioner from presenting evidence at the later-held disciplinary hearing;

2. Petitioner was never presented with an opportunity to listen to the recording of the disciplinary hearing;

3. The response to petitioner's Step 1 grievance falsely states petitioner submitted a statement to Lt. Williams that petitioner and another offender had fought; and

4. Petitioner's attempt to informally resolve the incident was never answered.

*Id.* at 5-6. On January 17, 2017, petitioner's Step 2 grievance was denied with findings that "[t]here was sufficient evidence presented to sustain the charge and the finding of guilt," "the hearing was conducted per policy and there were no due process or procedural errors noted," and "[t]he punishment was within Agency guidelines for this offense." *Id.* at 6.

On a date unknown, petitioner placed the instant habeas petition challenging the disciplinary proceeding decision in the prison mailing system, such application being received by the Court and file marked on April 11, 2017. [ECF 3].

## II. PETITIONER'S ALLEGATIONS

Petitioner claims his federal constitutional rights were violated as a result of the disciplinary decision and loss of good time punishment because:

1. The DHO denied petitioner due process by dismissing him from the earlier-held disciplinary hearing without any evidence of disruption based on his facial expression, which prevented petitioner from presenting evidence and being heard at the later-held disciplinary hearing;

2. Petitioner received ineffective assistance of counsel because petitioner's counsel substitute failed to:

   a. submit two affidavits on petitioner's behalf at the disciplinary hearing;

   b. provide petitioner with certain requested evidence;

   c. respond to petitioner's request to interview witnesses;

   d. obtain the names of employees and offenders that petitioner desired to call as witnesses at the disciplinary hearing;

   e. obtain petitioner's statement concerning the disciplinary charge;

   f. respond to petitioner's request to view the disciplinary hearing record; and

   g. inform petitioner whether any requested witnesses were excluded from the disciplinary hearing and, if so, the reason for the exclusion;

3. The investigation of petitioner's disciplinary case by counsel-substitute was improper because the DHO denied petitioner the opportunity to present witnesses at the disciplinary hearing; and

4. Petitioner was denied a fair and impartial disciplinary hearing because the DHO excluded petitioner from the hearing without cause and denied petitioner the ability to present evidence.

[ECF 3 at 6-7, 11-12].

## III. EXHAUSTION AND PROCEDURAL DEFAULT

On July 12, 2017, respondent filed an Answer asserting that petitioner's second and third claims are unexhausted and procedurally barred, and should be dismissed. [ECF 9]. Although

relief may not be granted on unexhausted claims, such claims may be denied on the merits. 28 U.S.C. § 2254(b)(2); *Mercadel v. Cain*, 179 F.3d 271, 276-78 (5th Cir. 1999). Consequently, the undersigned does not address respondent's exhaustion argument but, instead, addresses below why all of petitioner's claims should be denied on the merits.

## IV. STANDARD OF REVIEW

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. Those are:

(1) twenty-four hour advance written notice of the charges;

(2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id.* at 563-66. It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In the instant case, petitioner was afforded all the due process to which he was entitled under *Wolff*. First, petitioner was notified in writing of the charge against him on December 1, 2016, at 8:13 a.m. [ECF 11-2 at 4, 15]. Petitioner signed this notice proving that he was properly provided with the written notice. *Id.* at 4. Although the disciplinary hearing was held on December 1, 2016, at 4:25 p.m., less than twenty-four hours after petitioner was notified of the

hearing, Petitioner signed a waiver of his right to a twenty-four hour delay between the notice and the hearing. *Id.* Second, petitioner was given a fair opportunity to attend the disciplinary hearing to present evidence and call witnesses. Although the DHO excluded petitioner from the hearing, the record before the Court in *Cunningham I* reveals that the DHO dismissed and excluded petitioner from a disciplinary hearing held immediately prior to the disciplinary proceeding at issue in this case. *See Cunningham I*, No. 2:17-cv-61-D-BR. The record in *Cunningham I* further reveals that petitioner was dismissed and excluded from the earlier-held disciplinary hearing due to his disruptive and argumentative behavior. *See id.* The DHO was justified in excluding petitioner from the later-held disciplinary hearing based on petitioner's disruptive behavior at the earlier-held disciplinary hearing. *See Opio v. Jan.*, 162 F.3d 93, 1998 WL 770693 (5th Cir. 1998) ("[Petitioner's] claim that he was not permitted to attend his disciplinary hearing is unavailing because he has not demonstrated that prison officials were obligated to permit him to attend the hearing in light of his disruptive behavior." (citing *Wolff*, 418 U.S. at 564-65)); *Potts v. Dir., TDCJ-CID*, No. 9:07-cv-172, 2008 WL 1773749, at *4 (E.D. Tex. Apr. 14, 2008) ("In this case, the records show that [the inmate] was excluded from a disciplinary hearing held immediately prior to the challenged one, as a result of disrespectful and disruptive behavior. Under the circumstances, [the DHO] had no constitutional duty to bring [the inmate] back to the hearing room, when [the inmate] had just shown his unwillingness to behave in an appropriate manner a few minutes earlier."); *cf. Moody v. Miller*, 864 F.2d 1178, 1180-81 (5th Cir. 1989) (holding that a prisoner does not have an "absolute" right to attend a disciplinary hearing). Moreover, petitioner's due process rights were fully respected because he was given the opportunity to present evidence and call witnesses through counsel substitute, who informed the DHO that petitioner had no witnesses to call or documentary evidence to present.

[ECF 13, Disciplinary Hearing CD]. And third, a copy of the TDCJ Disciplinary Report and Hearing Record form on which the DHO provided petitioner with a written explanation of the evidence relied on and the reasons for the disciplinary action taken was mailed to petitioner. [ECF 11-2 at 15].[6] The *Wolff* requirements have been met in this case.[7]

## V. **MERITS**

### A. Exclusion From the Later-Held Disciplinary Hearing

Petitioner claims that his right to due process was violated because he was dismissed from the earlier-held disciplinary hearing at issue in *Cunningham I* without any evidence of disruption, which prevented petitioner from presenting evidence and being heard at the later-held disciplinary hearing at issue in this case. In other words, petitioner claims that the DHO denied petitioner due process by excluding him from the later-held disciplinary hearing based on his dismissal from the earlier-held disciplinary hearing. The Court disagrees. As explained previously, the record before the Court in *Cunningham I* reveals that the DHO dismissed and excluded petitioner from the earlier-held disciplinary hearing due to his disruptive and argumentative behavior. *See Cunningham I*, No. 2:17-cv-61-D-BR. The record before the Court in this case reveals that the DHO specifically stated on the record at the disciplinary hearing held immediately thereafter that petitioner was "being excluded from the hearing due to his behavior." [ECF 13, Disciplinary Hearing CD]. The DHO memorialized her finding in writing on the TDCJ

---

[6] The Court notes that petitioner has not alleged that he never received a copy of the mailed form.
[7] Although petitioner does not assert he was denied due process on the basis that the evidence presented at the disciplinary hearing was insufficient to support the DHO's findings of guilt, the Court notes that any such claim would be without merit. Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where "no evidence" in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has 'support of "some facts" or "any evidence at all." ' " *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)). Here, the Charging Officer's Offense Report clearly constituted "some evidence" to support the DHO's findings of guilt of the charged offense, and the determination that petitioner engaged in conduct in violation of TDCJ rules was not arbitrary or capricious.

Disciplinary Report and Hearing Record form, *see* [ECF 11-2 at 4] (explaining that the DHO excluded petitioner from the hearing "due to behavior"), and the TDCJ Hearing Worksheet form, *see id.* at 15 (explaining that the DHO excluded petitioner from the hearing "due to disruptive behavior"). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits . . . ." *Wolff*, 418 U.S. at 566. Nothing within the record before the Court suggests that the DHO abused her administrative discretion by excluding petitioner from the later-held disciplinary hearing due to his behavior at the earlier-held disciplinary hearing. Nor has petitioner presented anything to substantiate or support his claim in *Cunningham I* that his dismissal from the earlier-held disciplinary hearing was unfounded. It is therefore recommended that petitioner's exclusion-from-the-later-held-disciplinary-hearing claim be denied.

### B. Ineffective Assistance of Counsel Substitute

Petitioner claims that he received ineffective assistance of counsel because petitioner's counsel substitute's performance was deficient. However, regardless of the actions or inactions of counsel substitute, petitioner cannot show a constitutional violation necessary for federal habeas relief. There is no federal legal standard for, or constitutional right to, counsel in a prison disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). Thus, a claim of ineffective assistance of counsel substitute is not of constitutional magnitude. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . ."). It is therefore recommended that petitioner's ineffective-assistance-of-counsel-substitute claim be denied.

### C. Improper Investigation

Petitioner claims that the investigation of his disciplinary case by counsel-substitute was

improper because the DHO denied petitioner the opportunity to present witnesses at the disciplinary hearing. It appears that petitioner's claim is duplicative of his exclusion-from-the-later-held-disciplinary-hearing claim, ineffective-assistance-of-counsel-substitute claim, or both. It is therefore recommended that petitioner's improper-investigation claim be denied for the reasons stated in sections V.A. and V.B. of this Findings, Conclusions, and Recommendation.[8]

### D. Unfair and Partial Hearing

Petitioner claims that he was denied a fair and impartial disciplinary hearing because the DHO excluded petitioner from the hearing without cause and denied petitioner the ability to present evidence. Petitioner's claim should be denied because any claim that the DHO was not an impartial decision maker is conclusory. Petitioner offers absolutely nothing to demonstrate the DHO was not fair and neutral. Petitioner has presented nothing to substantiate or support an allegation that the DHO had undue bias or preconceived opinions. As explained previously, petitioner has not presented anything to substantiate or support his dismissal-from-the-earlier-held-disciplinary-hearing claim in *Cunningham I* and petitioner was in fact given the opportunity to present evidence and call witnesses through counsel substitute at the later-held disciplinary hearing at issue in this case. Conclusory allegations do not raise a constitutional issue for habeas review and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). It is therefore recommended that petitioner's unfair-and-partial-hearing claim be denied.

### VI. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

---

[8] To the extent petitioner alleges that TDCJ investigators conducted an improper preliminary investigation, "these claims even if true are merely alleged violations of TDCJ procedure and are not cognizable on federal habeas review since they fail to state a valid claim of constitutional deprivation." *Hardin v. Stephens*, No. 2:14-CV-0155, 2014 WL 3808955, at *2 (N.D. Tex. Aug. 1, 2014).

States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHN HENRY CUNNINGHAM be DENIED.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 23, 2019.

*LEE ANN RENO*
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).